**ADANTE POINTER, ESQ., SBN 236229**
**PATRICK BUELNA, ESQ., SBN 317043**
**TY CLARKE, ESQ., SBN 339198**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: TClarke@LawyersFTP.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, AN INDIVIDUAL;<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SHASTA, et al.,<br><br>    Defendants. | Case No.:<br><br>**PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM** |

## I. FACTUAL BACKGROUND

Plaintiff Jane Doe (hereinafter "Ms. Doe") was a detainee at the Defendant County of Shasta's Shasta County Jail (hereinafter "the Jail") in 2025. During her time as a detainee at the Jail, Ms. Doe was assigned to work in the Jail's laundry room. As part of this work assignment, Ms. Doe's direct supervisor was Defendant Luis Sotero Navarro (hereinafter "Defendant Navarro"). Defendant Navarro was an employee of the Defendant County and was working within said employment at all times mentioned herein.

Beginning in or about late April of 2025, Defendant Navarro used his authority over Ms. Doe granted to him by the Defendant County to lure Ms. Doe into areas of the Jail that were not covered by the Defendant County's surveillance cameras and sexually assault her. On four separate occasions from April to August 2025, Defendant Navarro followed this same basic modus operandi to target, isolate, and sexually assault Ms. Doe while she was a detainee at the Jail and thus in the Defendant County's custody.

After months of Defendant Navarro's abhorrent and criminal behavior, a fellow detainee at the Jail observed Defendant Navarro sexually assault Ms. Doe and reported it. Following an investigation by the Shasta County Sheriff's Office that included interviews of other detainees and a physical examination of Ms. Doe by medical professionals, Defendant Navarro was arrested and is now being criminally prosecuted for his actions.

## II. ARGUMENT

In general, a complaint must state the names of all parties. See FED. R. CIV. P. 10(a). However, under Ninth Circuit precedent, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." D*oes 1 thru*

*XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *see also,, M.M. v. Zavaras,* 139 F.3d 798, 802 (10th Cir. 1998) (permitting plaintiffs to proceed anonymously "where there are significant privacy interests or threats of physical harm implicated by the disclosure of the plaintiff's name."). "The judicial use of 'Doe plaintiffs' to protect legitimate privacy rights has gained wide currency, particularly given the rapidity and ubiquity of disclosures over the World Wide Web." *Starbucks Corp. v. Superior Court* (2008) 168 Cal.App.4th 1436, 1452, fn. 7.

The Ninth Circuit has identified three circumstances in which courts have permitted plaintiffs to proceed with litigation under pseduonyms: (1) "when identification creates a risk of retaliatory physical harm"; (2) "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature"; and (3) "when the annonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal proesecution." *Does 1 thru XIII,* 214 F.3d at 1068 (internal quotations and citations omitted).

### A. Anonymity is Necessary to Preserve Ms. Doe's Privacy In This Sensitive and Highly Personal Matter

Here, the primary basis justifying Ms. Doe's use of a pseudonym in this litgation is that the anonymity is necessary to preserve her privacy in this matter, which is both sensitive and highly personal. Ms. Doe has brought a lawsuit against Defendant Navarro and the Defendant County because Defendant Navarro violated her constitutional rights by repeatedly sexually assaulting her while she was both a pre-trial and post-trail detainee at the Defendant County's jail.

Surviving repeated sexual assaults is perhaps the epitome of a matter that is both sensitive and highly personal. Survivors of sexaul assault such as Ms. Doe are at increased risk of experiencing a myriad of both short and long term mental health conditions as a result of the

trauma they have experienced.[1] Forcing Ms. Doe to reveal her true identity in this case would only further traumatize Ms. Doe. This is particularly true given that the criminal prosecution for Defendant Navarro for his crimes against Ms. Doe has already received significant media attention.[2]

Courts in California have recognized that the risk of revealing sexual assault survivors' identities is one of the special circumstances justifying plaintiffs proceeding anonymously in litigation. *See, e.g., Doe v. City and County of San Francisco, et al.*, Case No. 3:22-cv-05179 (N.D. Cal.) (where plaintiff proceeded throughout the federal civil rights litigation under pseudonym in a case where defendants used plaintiff's genetic material taken from a case in which she was sexually assaulted to later arrest her on unrelated charges); *Doe v. Bakersfield City School District* (2006) 136 Cal.App.4th 556 (where plainitff was permitted to sue under a fictitious name in litigation alleging sexual abuse by a former guidance counselor); *Doe v. City of Los Angeles* (2007) 42 Cal.4th 531 (where former Boy Scouts sued under pseudonyms based on allegations that a city police officer sexually assaulted them while they were teenagers).

### B. Ms. Doe's Need for Privacy Greatly Outweighs Prejudice to the Opposing Party and the Public's Interest in Knowing Her Identity

As discussed in the prior section, Defendant Navarro's repeated sexual assaults of Ms. Doe has already received significant media attention. Requiring Ms. Doe to reveal her true name would force her to out herself as a sexual assault survivor not just in this litigation, but to

---

[1] *Understanding the Psychological Impact of Sexual Assault: From Immediate to Long-term Effects*. Pennsylvania Psychiatric Institute. https://ppimhs.org/newspost/understanding-the-psychological-impact-of-sexual-assault-from-immediate-to-long-term-effects/

[2] https://justdetention.org/advocate-stresses-power-imbalance-in-jails-following-shasta-county-jail-staffer-arrest/
https://krcrtv.com/news/local/sheriffs-office-identifies-jail-staffer-charged-in-shocking-inmate-sex-scandal
https://www.redding.com/story/news/local/2025/08/27/inmate-alleges-sexual-encounter-with-shasta-county-jail-supervisor/85852978007/

the world at large. This would further traumatize her as a sexual assault survivor. Deciding if and when to reveal the nature of one's trauma is a highly personal decision for sexual assault survivors, one that Ms. Doe should be allowed to make on her own time and not be forced into doing. Thus, her need for privacy in this matter is hard to overstate.

Contrastingly, allowing Ms. Doe to proceed pseudonymously in this litigation would not prejudice the opposing parties. Defendant Navarro and Defendant County already know Ms. Doe's true identity. Indeed, the Defendant County already knows even more about the underlying incident at large than Plaintiff does because the Defendant County's Sheriff's Office investigated the incident, spoke with numerous witnesses beyond Ms. Doe, and criminally charged Defendant Navarro. Given that the defendants already know Ms. Doe's identity and the pertinent facts surrounding the investigation, they would not be prejudiced by Ms. Doe litigating under a pseudonym.

Similarly, Ms. Doe's need for privacy outweighs any possible public interest in knowing her identity. The underlying facts of the case—a Defendant County employee without meaningful oversight in the Jail using his authority over detainees to repeatedly sexually assault a detainee in areas of the jail inexplicably not covered by surveillance cameras—are certainly relevant to the public. However, there is no public interest in knowing Ms. Doe's identity because that does not change the facts nor their severity. Defendant Navarro has already been arrested and criminally charged. The alleged facts behind these public charges have already been publicly reported on without identifying Ms. Doe. Revealing Ms. Doe's identity would not change the public's understanding of the incidents giving rise to this litigation, but it would drastically impact Ms. Doe's healing process as she reckons with one of the worst experiences that a human can endure.

### III. CONCLUSION

For all the aforementioned reasons, Plaintiff respectfully requests the Court GRANT Plaintiff's motion to proceed under a pseudonym.

Dated: January 6, 2026                                     Respectfully submitted,

**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

By: */s/ TY CLARKE*
TY CLARKE
Attorney for Plaintiffs